UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PIKA INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09cv0373 TCM |
| | ) | |
| AMERICAN PULVERIZER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This diversity action is before the Court[1] on the motion of Defendant, American Pulverizer, Inc., ("API") to disqualify the attorneys and law firm representing Plaintiff, PIKA International, Inc. ("PIKA").

## Background

The core facts relevant to the resolution of the pending motion are undisputed.[2] The inferences to be drawn from those facts are vigorously disputed.

This action has its genesis in a machine sold by API to PIKA for the purpose of shredding metal. PIKA is represented by David Bohm and Jeffrey Schmitt with the law firm of Danna McKitrick, P.C. Michael McKitrick, also with the law firm of Danna McKitrick, P.C., was retained in August 2008 by Bremen Bank and Trust Company ("Bremen") to represent Bremen in seeking court approval to terminate a trust for which Bremen was the

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2]The facts are taken from unrefuted exhibits submitted by API or unrefuted portions of the affidavit of Michael McKitrick submitted by PIKA.

trustee. That trust is the Henry C. Griesedieck Residuary Trust ("the Trust"). Chris and Paul Griesedieck are the only beneficiaries; common stock in API is only asset; API dividend distributions are the only source of income for the Trust.

For the period ending August 31, 2008, Danna McKitrick, P.C., billed the Trust, and was paid, for 2.60 hours. For the period ending September 30, 2008, Danna McKitrick, P.C., billed the Trust, and was paid, for 2.40 hours. On December 29, a petition was filed in the Probate Division for the Circuit Court for St. Louis County, Missouri, to terminate the Trust and distribute the API shares held by the Trust to the two beneficiaries. As a ground for the request, the petitioners alleged that it was advantageous for the majority individual shareholders of API that API be treated as a Subchapter S corporation. The petition was signed by the two beneficiaries, their attorney, a representative for Bremen, and Bremen's attorney, Michael McKitrick. He avers that the petition was prepared by the attorney for the beneficiaries.

In January 2009, collateral was pledged by API to secure a corporate loan.

In early March, the pending action was filed.

In late March, after an inquiry to a Bremen representative, Michael McKitrick and Danna McKitrick, P.C., withdrew from representing Bremen.

Michael McKitrick avers, without contradiction, that he was the only attorney at Danna McKitrick, P.C., that provided legal services to Bremen and that no financial or proprietary information about API was received or learned during his representation.

API moves to disqualify Danna McKitrick, P.C., David Bohm, and Jeffrey Schmitt from representing PIKA, arguing that the representation of Bremen by Michael McKitrick and

Danna McKitrick, P.C., creates a conflict of interest that can be resolved only by their disqualification because important proprietorial and confidential financial information of API would have been disclosed to Danna McKitrick, P.C., during its representation of Bremen that creates a possibility of its liability to Bremen. PIKA opposes the motion on the grounds that (1) API lacks standing; (2) there was no confidential information about API disclosed during the representation of Bremen by Michael McKitrick and Danna McKitrick, P.C.; (3) there is no substantial relationship between the pending action and the petition to terminate the Trust; and (4) the motion to disqualify is only a tactical gambit to obtain an advantage. API counters that it has standing because it has suffered, or will suffer, an injury if counsel is not disqualified; the disclosure of confidential information is presumed; and there is a relationship created by, among other things, PIKA's request for punitive damages. API also disagrees with PIKA's characterization of its motives.

## **Discussion**

Local Rule 12.02 of the United States District Court for the Eastern District of Missouri adopts as this District's Rules of Professional Conduct the Rules of Professional Conduct adopted by the Missouri Supreme Court. See E.D.Mo. L.R.12.02. When resolving a motion to disqualify counsel on the grounds that such Rules have been violated, the Court should subject the motion "to particularly strict judicial scrutiny" given the "potential for abuse by opposing counsel,"[3] **Harker v. Commissioner**, 82 F.3d 806, 808 (8th Cir. 1996)

---

[3] PIKA argues that such abuse is present in the instant case, citing a motion by API in a pending state court case to disqualify it. This other case, American Pulverizer Co. v. Northcutt, No. 062-891 (Mo.Cir.Ct.) has been pending, according to PIKA, since June 2006. API's motion to disqualify Danna McKitrick, P.C., from representing the defendants was filed in April 2009. PIKA cites this delay as indicative of the use of a motion to disqualify as obtaining a tactical

(internal quotations omitted); accord **Macheca Transport Co. v. Philadelphia Indemnity Ins. Co.**, 463 F.3d 827, 833 (8th Cir. 2006); **Black v. Missouri**, 492 F.Supp. 848, 860 (W.D. Mo. 1980), and the importance of "[a] party's right to select its own counsel," **Macheca Transport**, 463 F.3d at 833 (internal quotations omitted). Although "[t]he party seeking disqualification carries a heavy burden," "[d]oubts should be resolved in favor of disqualification." **Griffen v. East Prairie, Mo. Reorganized School Dist. No. 2**, 945 F.Supp. 1251, 1253 (E.D. Mo. 1996); **Black**, 492 F.Supp. at 860. "[T]he good faith of a party, or its counsel, who files a motion to disqualify should not necessarily be thereby called into question, because in deciding questions of professional ethics [people] of good will often differ in their conclusions." **Id.** (internal quotations omitted).

In support of its motion, API cites three Rules of Professional Conduct: Missouri Rules 4-1.7; 4-1.9; and 4-1.10. Rule 4-1.7(a) prohibits a lawyer from representing a client if that representation "involves a concurrent conflict of interest." Mo.S.Ct.R. 4-1.7(a). Such conflict would include "a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person . . . ." Mo.S.Ct.R. 4-1.7(a)(2). Rule 4-1.9(a) reads: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in

---

advantage by removing the defendants' counsel of record after more than two years of litigation. PIKA's citation is unavailing. Mr. McKitrick's representation of Bremen did not begin until August 2008.

writing." Mo.S.Ct.R. 4-1.9(a). This prohibition applies to cases in which the former client was represented by a lawyer's former firm. Mo.S.Ct.R. 4-1.9(b). Rule 4-1.9(c) prohibits a lawyer, or the lawyer's law firm, who had formerly represented a client from, with some exceptions, using or revealing information relating to the representation. Rule 4-1.10(a) prohibits lawyers associated with a firm from representing a client when they would be unable to under Rule 4-1.7 or 4.1-9 if practicing alone. Mo.S.Ct.R. 4-1.10(a).

To seek disqualification of counsel, "a party must show 'an injury in fact' and a causal connection between the injury and the conduct in issue." **Griffen**, 945 F.Supp. at 1253; accord **O'Connor v. Jones**, 946 F.2d 1395, 1400 (8th Cir. 1991). To establish such injury, a movant "'cannot rest his claim to relief on the legal rights or interests of third parties.'" **Id.** (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)). Thus, API's attempts to disqualify PIKA's counsel[4] based on the interests of Bremen are unavailing.

API further argues, however, that its own interests are at stake because confidential financial information was presumably disclosed to Michael McKitrick when he represented Bremen.

The record before the Court is that Mr. McKitrick represented Bremen in the fall of 2008, billing and being paid for work performed in August and September. The last day on which work was performed was September 12, 2008. The work performed during the two

---

[4]For purposes of the pending motion, it is immaterial that Michael McKitrick is not an attorney of record in this case. Confidential disclosures to an attorney are presumably shared with others in the law firm. **Engineered Products Co. v. Donaldson Co., Inc.**, 290 F.Supp.2d 974, 980 (N.D. Ia. 2003). See also Mo.S.Ct.R. 4-1.9(c) (including lawyer's law firm in prohibition against using information related to representation of former client).

months included working on the state court petition, for a total of 2.3 hours, corresponding with the attorney for the two beneficiaries, for a total of .6 hours, reviewing the Griesedieck wills and documents relating to the Trust termination, for 1.5 hours, and two telephone calls with a representative of Bremen, one of which related to fees, for a total of .6 hours. Nothing in this billing indicates any conversation or correspondence relating to API. On the other hand, Mr. McKitrick avers that Danna McKitrick, P.C., "did not receive or learn of any financial or proprietary information about [API]" when it represented Bremen in its capacity as trustee and that he "do[es] not know whether Bremen has any financial or proprietary information regarding [API]." (Pl. Ex. A ¶ 6.) Nothing in the record refutes this averment.

Citing **In re Yarn Processing Patent Validity Litig.**, 530 F.2d 83, 89 (5th Cir. 1976), and **Griffen**, 945 F.Supp. at 1254, API argues it need not establish the disclosure of the financial, confidential information to Mr. McKitrick or to Danna McKitrick, P.C., because such disclosure is presumed. Both cases explicitly held that this presumption existed in the context of a current or past attorney-client relationship.[5] See **In re Yarn Processing**, 530 F.2d at 89 (holding that rule that former *client* seeking to disqualify an attorney appearing for his adversary "rests upon the presumption that confidences potentially damaging to the *client* have been disclosed to the attorney *during the former period of representation*") (emphasis added); **Griffen**, 945 F.Supp. at 1254 (holding that the irrebuttable presumption that

---

[5]Indeed, "[t]he majority of the motions to disqualify attorneys are based on conflicts of interest with a former client." **Goss Graphics Sys., Inc. v. Man Roland Druckmaschinein Aktiengesellschaft**, 2000 WL 34031492, *5n. 3 (N.D. Ia. 2000). See also **Black**, 492 F.Supp.. at 861 ("[A]s a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the *former client* moves for disqualification." (emphasis added) (internal quotations omitted)).

confidences were disclosed applies when there is or was an *attorney-client* relationship). Lacking a former or present attorney-client relationship with Danna McKitrick, P.C., API bases its standing to raise the issue of disqualification on there being an injury and a causal connection between the injury and the representation of PIKA by Danna McKitrick, P.C. API has failed, however, to establish such an injury.

In **Misemer v. Freda's Restaurant, Inc.**, 961 S.W.2d 120, 123 (Mo. Ct. App. 1998), the Missouri Court of Appeals affirmed the denial of the defendant's motion to disqualify the plaintiff's attorney on the grounds that the attorney had "formed two corporations for Earl Forsythe [defendant's president], including XYZ, and did some work for XYZ. The work for XYZ included representing XYZ in the sale of the Nicholas property, which Forsythe claims was the basis for the note in issue." **Id.** at 123. Defendant conceded that the plaintiffs' counsel had never specifically represented it, but argued that a conflict of interest existed by counsel's former representation of Forsythe. **Id.** The appellate court disagreed, noting that "the record does not reveal that the [plaintiffs'] counsel had intimate knowledge of Forsythe's personal and business dealings as related to the [defendant]. [Plaintiffs'] counsel indicated he had not represented XYZ or Earl Forsythe since the middle or latter part of 1991. He had no prior knowledge of the note, did not draft the note, and did not render any legal services regarding the note. He stated he had no knowledge of the business of [defendant] and had no knowledge of the corporation based on his prior representation of Earl Forsythe or XYZ." **Id.**

The relationship between Danna McKitrick, P.C., and API is even more attenuated than the one at issue in **Misemer**. The subject of the petition in which Danna McKitrick, P.C., briefly represented Bremen was the termination of a Trust. Although the apparent impetus

behind the petition was the desired conversion of API to a Subchapter S corporation, there is nothing in the record to suggest that Danna McKitrick, P.C., obtained relevant financial information about API in its two-month, six-hour representation of Bremen. The subject of the pending case is the quality of a machine manufactured by API and sold to PIKA. The subject of API's financial information is relevant only to the issue of PIKA's request for punitive damages. API has failed, however, to establish that such information has been disclosed to Danna McKitrick, P.C.

## Conclusion

PIKA has chosen as its counsel David Bohm and Jeffrey Schmitt with the law firm of Danna McKitrick, P.C. PIKA's exercise of their right to choose counsel is not obviated by API's allegations of a conflict of interest created by the brief representation by Danna McKitrick, P.C., of a Trust whose assets were API stock. Accordingly,

**IT IS HEREBY ORDERED** that the motion of American Pulverizer Company to disqualify counsel is **DENIED**. [Doc. 7]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 13th of May, 2009.